WESTECH LABORATORIES, INC.,
Plaintiff—Appellant,

v.

Jack DILLENBERG, in his individual capacity and in his official capacity as former Director of the Arizona Department of Health Services, and his successors in office, and the community comprised of him and his spouse, if any; Barbara Erickson, in her individual capacity and in her official capacity as laboratory Director, State Laboratory Services of the Arizona Department of Health Services, and her successors in office, and the community comprised of her and her spouse, if any; Steven D. Baker, in his individual capacity and in his official capacities as Senior Auditor and Program Manager of the Environmental Laboratory Licensure Section, of the Office of Laboratory Licensure and Certification, of the Arizona Department of Health Services, and his successors in office, and the community comprised of him and his spouse, if any; James Griffith, in his individual capacity and in his official capacity as Deputy Director of the Arizona Department of Health Services, and his successors in office, and the community comprised of him and his spouse, if any; and James R. Allen, M.D., M.P.H., in his official capacity as current Director of the Arizona Department of Health Services, and his successors in office, Defendants—Appellees.

No. 99–17293.

D.C. No. CV–96–01776–RGS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2001.

Decided June 28, 2001.

Before HILL,[*] GRABER, and McKEOWN, Circuit Judges.

### MEMORANDUM[**]

Plaintiff Westech Laboratories appeals from the district court's order dismissing Westech's complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

■ This case is guided by the Supreme Court's decision in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), where the Court held that the stigmatization of a person by the government, without more, does not constitute a violation of due process. *Id.* at 711–12, 96 S.Ct. 1155. This "stigma plus" test, as we have dubbed it, requires a plaintiff to demonstrate both reputational harm and "also that the state action deprived the plaintiff of a protected liberty or property interest or a status recognized by the state." *WMX Technologies, Inc. v. Miller*, 197 F.3d 367, 376 (9th Cir.1999) (en banc). So, for instance, we have held that when a business's goodwill is protected by state law as a property interest, damage to that interest may con-

stitute an actionable "plus" in the "stigma plus" test. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir.1989).

■ Here, Westech attempts to characterize its claim as falling within the rules established in *Paul v. Davis*, *WMX*, and *Soranno's Gasco*. Westech concedes that its license was not actually revoked, and it has affirmatively disclaimed any claim based on goodwill. Rather, Westech contends, it was deprived of the essence of its license when the Arizona Department of Health Services (ADHS) informed Westech's customers that ADHS would not accept Westech test data.

■ This argument is unpersuasive. Assuming without deciding that the constructive revocation of a license-as opposed to actual, technical revocation-may violate due process, Westech's theory is foreclosed by *Soranno's Gasco*. Westech also argued that the state's delay in holding a license suspension hearing deprived it of the value of its license. This argument also is of no avail. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Moreover, Westech's license remained in force throughout the period at issue, so Westech was not prejudiced by any delay.

**AFFIRMED.**

---

[*] The Honorable James C. Hill, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.